UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

VEVRETTE D. KING
10109 Ellard Drive
Lanham, MD 20706

    Plaintiff,

    v.                              Civil Action No.  10-423 (ESH)

JOHN BERRY, Director
OFFICE OF PERSONNEL MANAGEMENT
1900 E Street, NW
Washington, DC 20415

    Defendant.
_____

### FIRST AMENDED COMPLAINT

    1. This is a suit brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, et.seq. at §§2000e-16 (hereinafter called Title VII).  Plaintiff is seeking damages against her employer for discriminating against her because of her gender and retaliating against her for her prior EEO activity by repeatedly evaluating her poorly after she successfully settled a prior EEO complaint with the agency.

    2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C §2000e-5 and 42 U.S.C §2000e-16.

    3. Venue is appropriate under 42 U.S.C §2000e-5 and 42 U.S.C §2000e-16 because this is the judicial district in which the cause of action arose and discriminatory practices occurred.

    4. Plaintiff ~~is~~ **commenc**~~ing~~**ed** this action within 90 days after receiving her Final Agency decision **("FAD")** as to ~~one of~~ her EEO complaint~~s~~ **regarding her 2008**

1

**evaluation** and more than 180 days **had**~~ve~~ elapsed since she filed her ~~other~~ EEOC complaint **regarding her 2007 evaluation without receiving an FAD** ~~at issue in this case~~.  **Since the filing of the instant federal court case in March, 180 days have now passed since she filed her EEO complaint regarding her 2009 evaluation.**  Therefore, the claims are now administratively exhausted.

## THE PARTIES

5.  The plaintiff, VeVrette D. King, is a resident of Lanham, MD who was employed by Defendant at all times relevant in the District of Columbia.

6.  Defendant, John Berry, is Director of the U.S. Office of Personnel Management and is being sued in his formal capacity as head of that Agency.

## FACTS

7.  Plaintiff (female) is an Annuitant Government Claims Specialist, GS-9 in the Retirement Benefits Branch.  She has 25 years in the federal government, including 20 years with OPM.

8.  Plaintiff filed a formal complaint of discrimination in March 2000 while she was a GS-7 Customer Service Specialist.  The complaint she filed in 2000 ultimately wound up in federal court in 2003 (where Plaintiff represented herself *pro se*).

9.  In 2003 after having received four "Outstanding" evaluations in a row, Plaintiff was downgraded to "Exceeds Fully Successful." Nothing in Plaintiff's performance had changed that would justify such a downgrading.  Plaintiff then initiated an informal complaint of retaliation against the agency and eventually the rating was changed to an "Outstanding".

10. In 2004 management again downgraded her to an "Exceeds Fully Successful," and Plaintiff grieved this evaluation. Again, nothing in Plaintiff's performance had changed that would justify such a downgrading. Also, in 2004 she applied for two positions: Annuitant Insurance & Government Claims Specialist, GS-0301-7 and Annuitant Insurance & Government Claims Specialist, GS-0301-9. She was rated qualified for both positions but was not selected. In both instances Plaintiff was more qualified than all of the selectees–she had better performance ratings than all but two of the selectees (who had the same performance rating as Plaintiff) and was far more senior to the two who received the same rating as she. Plaintiff was also assigned GS-3/4 level work, well below her GS-7 level rating. Then in November 2005 Plaintiff was marked all the way down to "Fully Successful" on her evaluation, which is two steps below an "Outstanding" rating that she received routinely prior to 2003. She filed EEO complaints on these adverse actions.

11. Her combined complaints went to a hearing in 2006 before an Administrative Judge. After the hearing, plaintiff successfully settled the case and as part of that agreement Plaintiff was promoted to her current position in early 2007.

12. In June 2007 Linda Fleming became plaintiff's immediate supervisor. Shortly after Fleming became plaintiff's supervisor she told plaintiff that she believed plaintiff had been "spoiled around here long enough" and that "there's going to be some changes around here" with regard to how Plaintiff was going to be treated. Fleming also told plaintiff that if she didn't like it, she should "go work in another office." When a male colleague joined in this mocking conduct instigated by Ms. Fleming, Fleming

indicated that it was alright because he "was the rooster around here." Fleming has admitted to most of these comments.

13. Very shortly thereafter, the supervisor rated complainant as only "fully successful" and did not give her a performance award for the year. The only reason Fleming provided for the "fully successful" rating is that complainant was not able to do all types of work required by a government claims specialist. However, <u>complainant was still in her training period</u> and had not been trained to do each type of assignment a government claims specialist would do. Additionally, Fleming admitted that complainant did all the work she was assigned. Fleming again gave her a "fully successful" rating the next year in 2008 for pretextual reasons **and, again, in 2009 for pretextual reasons**.

## CLAIMS

**GENDER DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII**

14. The plaintiff incorporates by reference paragraphs 1 through 13 above.

15. The defendant's decisions in evaluating plaintiff poorly as set forth in the paragraphs above were discriminatory because they were based on plaintiff's gender in violation of 42 U.S.C. §2000e-16.

16. The defendant's decisions in evaluating plaintiff poorly as set forth in the paragraphs above were taken in retaliation for plaintiff's complaining about discrimination in violation of 42 U.S.C. §2000e-16.

17. As a result of the defendant's violations of Title VII, the plaintiff suffered a loss of employment opportunities, lost compensation and fringe benefits, and other rights and privileges of her employment.

18. As a result of the defendant's violations of Title VII, the plaintiff suffered emotional pain, mental anguish, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, the plaintiff requests that this Court grant her the following relief:

1. Issue an order declaring that the defendant has violated the plaintiff's rights under Title VII;

2. Issue an order directing the defendant to reinstate the plaintiff to the position she would have held were it not for the discrimination and retaliation against her;

3. Issue an order expunging plaintiff's discriminatory ratings;

4. Issue an order to re-issue plaintiff's performance ratings to what they would have been absent the discrimination;

5. Issue an order granting plaintiff performance awards discriminatorily denied to her;

6. Issue an order directing the defendant to pay the plaintiff compensatory damages for the emotional pain, mental anguish, humiliation and loss of enjoyment of life she suffered because of the defendant's discrimination in violation of Title VII;

7. Issue an order directing the defendant to pay the plaintiff pre- and post-judgment interest on the amounts owed to her;

8. Issue an order directing the defendant to pay the plaintiff her costs incurred in this action, including reasonable attorneys' fees;

9. Issue an order directing the defendant to take such other actions as are necessary to carry out the remedial purposes of the law.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues to which she is entitled to a jury trial under law.

        Respectfully Submitted,

By   /s/ Michael P. Deeds
      Michael P. Deeds
      D.C. Bar #466815
      Kestell and Associates
      1012 14th Street, NW, Suite 630
      Washington, DC 20005
      Tel. 202-347-4481
      Fax 202-347-4482
      Email: mikedeeds@juno.com

Attorney for the Plaintiff